**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| BARCADIA BAR & | : | |
| GRILL  OF NEW | : | CASE NO.: |
| ORLEANS, LLC | : | |
| Plaintiff, | : | |
| | : | DISTRICT JUDGE: |
| v. | : | |
| | : | MAGISTRATE JUDGE: |
| INDEPENDENT SPECIALTY | : | |
| INSURANCE COMPANY, CERTAIN | : | |
| UNDERWRITERS AT LLOYD'S AND | : | |
| OTHER INSURERS SUBSCRIBING | : | |
| TO BINDING AUTHORITY | : | |
| B6045568622021 (CERTAIN | : | |
| UNDERWRITERS AT LLOYD'S - | : | |
| SYNDICATE 1458 AND | : | |
| RENAISSANCE RE SPECIALTY | : | |
| U.S. LTD, | : | |
| | : | |
| Defendants. | : | |

TO:   John W. Houghtaling, Esq.
       Skye S. Fantaci, Esq.
       Kevin R. Sloan, Esq.
       GAUTHIER MURPHY & HOUGHTALING LLC
       3500 North Hullen Street
       Metairie, Louisiana  70002
       john@gmhatlaw.com
       skye@gmhatlaw.com
       kevin@gmhatlaw.com

## <u>NOTICE OF REMOVAL</u>

Removing Defendants, Independent Specialty Insurance Company ("ISIC"), Certain

Underwriters at Lloyd's and other Insurers Subscribing to Binding Authority B604510568622021

("Lloyd's) (Certain Underwriters at Lloyd's-Syndicate 1458 ("Lloyd's") and RenaissanceRe

Specialty U.S. Ltd. ("RenRe") (collectively hereinafter known as "Defendants") by and through

their undersigned counsel, without waiving any affirmative defenses or objections herein, and

specifically reserving all defenses available to Defendants and to all insurers subscribing to and participating in Account Policy No. 2021-803337-01(" Account Policy"), including but not limited to all defenses under Federal Rules of Civil Procedure, Rules 8 and 12, and the right to seek a stay or dismissal of this action and compel arbitration, hereby remove the state court proceedings bearing Case No. 23-6356, Division E-7 ("State Court Action"), from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, the Defendants state the following:

## I.

## GROUNDS FOR REMOVAL

Defendants remove this matter under federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that there is a valid arbitration agreement in the Account Policy made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Accordingly, this Court has original jurisdiction under 9 U.S.C. §§ 202, 203, and 205.

## II.

## THE STATE COURT ACTION

The Petition in the State Court was filed by Plaintiff Barcadia Bar & Grill of New Orleans ("Plaintiff") on July 12, 2023. The Petition alleges damage to Plaintiff's property located at 601 Tchoupitoulas Street, New Orleans, Louisiana 70130 (hereinafter the "Property") on August 29, 2021, and further alleges that the Removing Defendants, and all insurers subscribing to the Account Policy,  have failed to pay Plaintiff's alleged losses. The pleadings from the State Court Action are attached as Exhibit "A."

2

# III.

## THE ARBITRATION CLAUSE OF THE ACCOUNT POLICY

The Account Policy provides at "H. Section VII- Conditions (C), that "all matters in dispute between you and us *** in relation to this insurance, including the policy's formation and validity, and whether arising during or after the period of this insurance" shall be resolved through submission to an Arbitration Tribunal:

### H. Property Loss Conditions

The following Property Loss Conditions apply:
***

### 4. Arbitration Clause

All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Unless the parties agree upon a single disinterested or impartial Arbitrator within thirty (30) days of one party receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her disinterested or impartial Arbitrator and give written notice to the Respondent (the party receiving notice of Arbitration). Within thirty (30) days of receiving such notice from the Claimant, the Respondent shall appoint his or her Arbitrator and give written notice to the Claimant.

If the two Arbitrators fail to agree on the selection of the disinterested or impartial umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other, and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested or impartial persons presently or formerly employed or engaged in a senior position in insurance underwriting or claims.

3

The Arbitration Tribunal shall have the power to fix all procedural rules for the holding of the Arbitration, including discretionary power to make orders which it may consider proper in the circumstances of the case regarding pleadings, discovery, an inspection of documents, examination of witnesses, and any other matter relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal, who may direct to, by whom, and in what manner they shall be paid.

Any Arbitration hearing shall take place in Nashville, Tennessee unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.

The Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding. If either of the parties should fail to carry out any award, the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

See Exhibit B, Account Policy at p. 27 of 39 of SMB 300 2103 CW.

## IV.

## THE MATTERS IN DIFFERENCE
## THAT ARE SUBJECT TO ARBITRATION

The "matters in difference," as described in the Arbitration Clause, are disputes and differences between Plaintiff and the Removing Defendants and all other insurers participating in the Account Policy and include but are not limited to whether Plaintiff has met the grant of coverage under the Account Policy, whether Plaintiff has provided satisfactory proofs of loss, the extent of any losses allegedly sustained by Plaintiff, whether the Plaintiff complied with the conditions of the Account Policy, whether and to what extent the exclusions and limitations of the

Account Policy apply to any alleged covered losses and the adjustment of the claims by all insurers participating in the Account Policy.

## V.

## CITIZENSHIP OF THE REMOVING DEFENDANTS

Defendant, Independent Specialty Insurance Company, is a Delaware corporation with its principal place of business in Bedford, Texas. *See* Exhibit C*, ISIC Citizenship Documents.*

The Lloyd's Underwriters are principally citizens of countries other than the United States, namely the United Kingdom of Great Britain.

Syndicate 1458, whose sole member is RenaissanceRe Corporate Capital (UK) Limited, is a private limited company incorporated under the Laws of England and Wales, with its principal place of business in England and Wales. *See Exhibit D*, RenaissanceRe CCL Citizenship Documents.

## VI.

## REMOVAL IS PROPER

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998). The United Kingdom of Great Britain and Germany are signatories to the Convention. Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen, or which may arise between them…." The courts of each signatory country are also bound to enforce such agreements.

The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes. As the United States Supreme Court has

explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520, n. 15 (1974).

In 1970, Congress enacted enabling legislation to enforce the Convention in United States Courts. *See* 9 U.S.C. §§ 201-208. The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts, both in state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). Chapter 2 of the FAA, 9 U.S.C. §§ 201-208 ("Convention Act"), which implements the Convention, controls arbitration disputes in the international context. In general, the Convention Act creates a *strong presumption* in favor of arbitration, especially in international commercial agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

The instant disputes ("matters in difference") arise under the terms and conditions of the Account Policy, including the Arbitration Clause contained therein. There is no question that the instant disputes arise under the Account Policy that contains an arbitration agreement and are disputes between citizens of the United States and citizens of countries other than the United States. The entirety of the disputes filed by Plaintiff against the Removing Defendants and all insurers participating in the Account Policy relate to the Account Policy, and therefore, the arbitration agreement in the Account Policy requires that arbitration be held in Nashville, Tennessee.

Because the allegations in the Petition are matters clearly falling under the Convention and

are disputes relating to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for the removal of the State Court Action under the Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

This action is properly removed to this District Court as the district embracing the Civil District Court for the Parish of Orleans, where the State Court Action was pending.

## VII.

## REMOVAL IS TIMELY

This removal is timely pursuant to 9. U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed. *See McDermott Intl., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir.1991).

## VIII.

## CONGRESS GRANTED FEDERAL COURTS
## BROAD REMOVAL JURISDICTION IN CONVENTION CASES

The purpose and intent behind the enactment of the Convention Act was to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are

enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449 (1974). As the Fifth Circuit has observed, uniformity is best served by trying all Convention cases in federal court, and the general rules regarding removal jurisdiction do not apply to Convention Act removal:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise [citation omitted], Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, §205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because, in these instances, Congress created special rights to channel cases into federal court.'

*Acosta v. Master Maint. & Constr., Inc.,* 452 F.3d 373 (5th Cir. 2006), *quoting McDermott Int'l, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1207-08 (5th Cir. 1991).

The Fifth Circuit has consistently recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *Acosta v. Master Maintenance & Const., Inc*., 452 F.3d 373, 379 (5th Cir. 2006), the Fifth Circuit ruled that plaintiffs' claims for exposure to mustard gas "related to" the dispute that was subject to arbitration under the liability insurance policy plaintiffs sued upon via the Louisiana Direct Action Statute, making removal under the Convention proper. Furthermore, this district has repeatedly acknowledged the parties' rights under the Convention when the dispute involves a commercial dispute under a written agreement that includes a valid arbitration agreement. *Kronlage Family Ltd. v. Independent Specialty Insurance Co.*, 2022 U.S. LEXIS 147300 (E.D. La. August 17, 2022); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, 2020 U.S. Dist. LEXIS 178799 (E.D. La. 2020); *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, 2020 U.S. Dist. LEXIS 233867 (E.D. La. 2020);

*St. Theresa Specialty Hosp., LLC v. Indian Harbor Ins*., 2019 U.S. Dist. LEXIS 182458, 2019);

*Gulledge v. Certain Underwriters at Lloyd's, London*, 2018 U.S. Dist. LEXIS 165894 (E.D. La.

2018); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London,* 2018 U.S. Dist. LEXIS

144291 (E.D. La. 2018); *O 'Connor v. Maritime Management Corp.*, 2017 WL 1018586 (E.D. La.

2017); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641 (E.D. La. 2009); *Todd v.*

*Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F. 3d 329 (5th Cir. 2010), on remand,

2011 WL 1226464; *Authement v. Ingram Barge Co.*, 878 F. Supp. 2d 672 (E.D. La. 2012).

Article II of the Convention further clarifies which arbitration agreements are subject to

the Convention. Article II states, in pertinent part, as follows:

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams.

## IX.

## THE ARBITRATION CLAUSE "FALLS UNDER" THE CONVENTION AND "RELATES TO" THE STATE COURT LITIGATION

If at least one party to a commercial legal relationship is not a United States citizen, the

arbitration agreement contained in the commercial legal relationship is deemed to "fall under" the

Convention. *Mongaya v. AET MCV BETA, LLC,* 2018 WL 6067547, p. 4 (E.D. La. 2018). The

Account  Policy provides coverage pursuant to the terms, conditions, definitions, exclusions, and

endorsements of a single set of coverage documents common to all the insurers subscribing to the

Account Policy. There is only one common arbitration agreement (Exhibit B) to which the Plaintiff

and all insurers under the Account Policy are bound. The fact that some insurers subscribing to the

Insurance Account are citizens of the United States does not impair removal: ". . . a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause 'falls under the Convention" for purposes of removal. *Id.* If the arbitration clause 'falls under' the Convention" for purposes of removal. *Id.* If the arbitration agreement falls under the Convention, as is the case with the Account Policy's Arbitration Clause, removal jurisdiction is proper.

The other test for removal jurisdiction is whether the state court litigation "relates to" an arbitration agreement falling under the Convention. The "relates to" requirement is an extremely low bar. If the Account Policy's arbitration agreement can conceivably affect the outcome of Plaintiff's claims, then the arbitration agreement "relates to" their lawsuit, and removal is proper. The arbitration clause in the Account Policy at issue herein clearly can affect the outcome of the State Court Action since it contains disputes against all insurers subscribing to the Account Policy. Therefore, the arbitration clause has a direct effect on this litigation. The federal question jurisdiction conferred under 9 U.S.C. §205 is unlike most other forms of federal question jurisdiction because it permits removal based on a federal defense. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

## X.

## CONVENTION REMOVAL AUTHORIZES REMOVAL OF THE ENTIRE "ACTION" AND NOT JUST PARTICULAR "CLAIMS"

The Fifth Circuit has instructed that when defining the scope of jurisdictional statutes, "heavy emphasis shall be placed on the language of the particular statute in question." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990). Examining the language of the Convention, Act, 9 U.S.C §203 first provides for original subject matter jurisdiction over "***an action or proceeding***" falling under the Convention (emphasis added). Section 205 then provides for the removal of the "*action or proceeding*" (emphasis added). The use of the terms "action or proceeding" in both

statutes significantly expands the scope of removal. Removal of the entire case ("action") is permitted, and not just as to a claim or claims, as is the case in other removal statutes.

In *Nolan*, supra, the Fifth Circuit examined original subject matter jurisdiction and the right of removal under the Foreign Sovereign Immunities Act ("FSIA"). The Nolan court held that because the FSIA established original subject matter jurisdiction over the "action" (like §203) and not just over "claims," the statute conferred federal subject matter jurisdiction over the entire case:

> . . . the FSIA grants jurisdiction to federal courts over 'action(s).' and not just over 'claims.' This language is broad enough to extend federal court subject matter jurisdiction over the entire action in which the foreign state is a party rather than simply over the 'claims' in that action which is specifically asserted against the foreign state.

*Nolan*, *supra* 919 F.2d at 1064.

Similarly, §203 of the Convention Act extends original subject matter jurisdiction over the entire "action or proceeding," not just the claims against the foreign insurer signatories to the Convention. Therefore, removal under §205 applies to the *entire action*, including Plaintiff's claims against both the domestic and foreign insurers on the Account Policy.

In a case involving the removal of claims against insurers under the Convention Act, the United States District Court for the Western District of Louisiana held that under 9 U.S.C. §203, the court retained original jurisdiction over the "entire action" once removed and "lack(ed) discretion to refuse such original jurisdiction, once properly invoked." *Ieyoub ex rel. State v. Am Tobacco Co.,* 97-1174 (W.D. La. 1997); 1997 U.S. Dist. LEXIS 24219, 53-54.

## XI.

### PLAINTIFF HAS ALLEGED ALL THE INSURERS ENGAGED IN INTERDEPENDENT AND CONCERTED MISCONDUCT

Plaintiff has clearly and explicitly alleged that all insurers subscribing to the Account Policy have engaged in interdependent and concerted misconduct by Plaintiff's claims under the

Account Policy. The Petition for Damages identifies the Account Policy and alleged that: (1) Plaintiff purchased a commercial insurance Policy from the Removing Defendants and all participating insurers, which Policy constituted a single contract between the parties (Petition for Damages at ¶¶ 9, 11, 12, 14): (2) Plaintiff made a claim against all insurers to the Policy without differentiation (*Id.* at ¶ 20); (3) all insurers, without differentiation, dispatched a third party adjuster to Plaintiff's properties (*Id.* at ¶ 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32); (4) all insurers, without differentiation, failed to complete an estimate within 30 or 60 days of the date of loss (*Id.* at ¶¶33, 80); (5) all insurers, without differentiation, failed to make payment within 30 or 60 days of the date of loss or within 30 or 60 days after the third party adjuster issued an estimate (*Id.* at ¶¶32, 33, 34, 35, 39, 70); (6) all insurers, without differentiation, refused to pay undisputed funds within 30 days of a written agreement (*Id.* at ¶ 32, 33, 34, 35, 39); (7) all insurers, without differentiation, failed to make payment, despite allegedly receiving proof of loss from Plaintiff (*Id.* at ¶¶47, 69, 80, 81); (8) all insurers, without differentiation, made factual misrepresentations to Plaintiff (*Id.* at ¶ 72); (9) all insurers, without differentiation, conducted the adjustment in bad faith and in violation of the Policy (*Id.* at ¶¶50, 51, 58); (10) all insurers, without differentiation, refused to perform their obligations under the contract of insurance with Plaintiff and thereby breached the contract of insurance with Plaintiff (*Id.* at ¶¶ 47, 48, 49, 72, 80, 81); (11) all insurers, without differentiation, failed to make a written offer of settlement (*Id.* at ¶ 58); (12) all insurers, without differentiation, violated La. R.S. 22:1892 and 22:1973, and are therefore liable for statutory penalties (*Id.* at ¶¶ 72, 73, 74, 80). Plaintiff prays for a judgment against all insurers, without differentiation, and an award of damages against them all. (Paragraph beginning "WHEREFORE…") Any adjustment or lack thereof, as well as any payment or lack thereof, and

all alleged wrongful acts (which are denied) were made on behalf of all foreign and domestic insurers on the Account Policy, in concert.

## XI.

## CONSENT TO REMOVAL

This cause has been removed by consent by all Defendants through the undersigned counsel.

## XII.

## NOTICE TO ALL PARTIES AND THE STATE COURT

In accordance with 28 U.S.C. § 1446 (d), Removing Defendants shall promptly hereafter give written notice of this removal to the requisite parties, and a copy of the Notice of Removal will be filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

## XIII.

## INDEX OF RECORD

A complete copy of all processes, pleadings, and orders in the Civil District Court for the Parish of Orleans, State of Louisiana, as required by 28 U.S.C. § 1446(a), is filed herewith. See *Exhibit E*, Index of Record.

Dated this 4th day of August 2023.          Respectfully submitted,


By:     */s/ Shawn M. Brooks*
        Chaunda "Shawn" M. Brooks (La. Bar No. 38607)
        ROLFES HENRY CO., LPA
        8550 United Plaza Blvd., Suite 702
        Baton Rouge, Louisiana 70809
        Telephone: 800-720-0613
        E: sbrooks@rolfeshenry.com
        E: ctiblier@rolfeshenry.com
        E: lmoore@rolfeshenry.com

        *Attorney for Defendants*

13

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing ***Notice of Removal***, with attachments, has been sent via email to the following counsel of record for Plaintiff, thereby fulfilling the written notice requirement for Removal under 28 USCS § 1446(d).

John W. Houghtaling, Esq.
Skye S. Fantaci, Esq.
Kevin R. Sloan, Esq.
GAUTHIER MURPHY & HOUGHTALING LLC
3500 North Hullen Street
Metairie, Louisiana  70002
john@gmhatlaw.com
skye@gmhatlaw.com
kevin@gmhatlaw.com

*Attorneys for Plaintiff*

SO CERTIFIED, this 4th day of August 2023.

*/s/ Shawn M. Brooks*
Chaunda "Shawn" M. Brooks

14