UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARCADIA BAR & GRILL OF NEW ORLEANS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3125** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION "L"** |

## ORDER AND REASONS

The Court has before it Defendants' Independent Specialty Insurance Company, Certain Underwriters at Lloyd's, London ("Lloyd's"), Lloyd's Syndicate 1458, and Renaissance Re Specialty U.S. Ltd., (collectively the "Carriers"), Motion to Compel Arbitration in this matter. R. Doc. 8. Plaintiff has responded in opposition. R. Doc. 15. Defendants have submitted a sur-reply. R. Doc. 23. Having considered the briefing and the applicable law, the Court rules as follows.

I. BACKGROUND

This case arises out of alleged damage to property owned by Plaintiff Barcadia Bar & Grill of New Orleans, LLC ("Barcadia") as a result of Hurricane Ida. R. Doc. 2-1. Defendants are a group of four insurance companies who jointly subscribe to the insurance policy (the "Policy") obtained by Barcadia through Lloyd's. *Id.* at 3.

Barcadia filed suit first in Louisiana state court and on August 4, 2023, the Defendants removed the case to this Court. R. Doc. 2. On August 14, 2023, Defendants filed the instant motion. R. Doc. 8.

II. DISCUSSION

Defendants now move this Court to compel Barcadia to arbitrate its claims. *Id.* Defendants assert that a binding arbitration clause exists in its contract with Barcadia, which states that "all matters in dispute" must be resolved through arbitration. R. Doc. 8-1 at 6. In opposition, Barcadia

argues that Defendants' conduct waived the arbitration clause. R. Doc. 15 at 5. Further, Barcadia does not contest that the insurance policy contains an arbitral clause, but claims that it is not enforceable. R. Doc. 15.

### a. Waiver of the Arbitration Clause

"[W]aiver of arbitration is not a favored finding, and there is a presumption against it." *Steel Warehouse Co., Inc. v. Abalone Shipping Ltd. Of Nicosai*, 141 F.3d 234, 238 (5th Cir. 2008). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). Invoking judicial process requires that "a party, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* Though the laws binding on this Court suggest that waiver is disfavored, the question of waiver ultimately depends on the facts of each case. *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010).

Defendants in this case have not waived arbitration. There are no facts to suggest that they have. Barcadia's arguments to suggest otherwise are unavailing as they speak to Defendants actions before litigation began. R. Doc. 15 at 5-9. Four days after timely removal to this Court, Defendants asserted their right to arbitration in their Answer to Barcadia's Petition for Damages. R. Doc. 4. On August 14, 2023, Defendants filed the instant Motion to Compel Arbitration. R. Doc. 2; R. Doc. 8. No pretrial deadlines or trial dates have been scheduled in this matter. Accordingly, Defendants actions "evince[] a desire" to resolve the dispute through arbitration over litigation. *Walker*, 938 F.2d at 577. Because this matter is in its early stages of litigation and as evidenced by Defendants actions, the Court holds that Defendants have not waived their right to arbitration.

b. **Enforceability of the Arbitration Clause**

There is a strong presumption in favor of enforcing arbitration provisions. Congress codified this presumption in the Federal Arbitration Act, mandating that arbitration provisions "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This establishes "a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012) (quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

The Fifth Circuit has identified two factors when determining whether the parties have agreed to arbitrate a dispute: "(1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute falls within the scope of that arbitrations agreement." *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003). Here, Barcadia points to Article II of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards to argue that the arbitration clause in question is not binding. R. Doc. 15 at 10-11. Article II provides, in relevant part, that:

> 1. Each Contracting State shall recognize ***an agreement in writing*** under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, ***signed by the parties*** or contained in an exchange of letters or telegrams.

Article II (New York, 1958) (emphasis added).

Here, the "agreement in writing" between the parties consists of an arbitral clause contained in the Policy. R. Doc. 15 at 11. Barcadia argues that it has not signed the arbitral clause, and that accordingly the arbitral clause does not constitute an agreement in writing under the meaning of Article II. *Id.* The Court disagrees.

Barcadia's argument is foreclosed by current Fifth Circuit precedent. In *Sphere Drake Insurance PLC v. Marine Towing, Inc.*, 16 F.3d 666 (5th Cir. 1994), the Fifth Circuit construed Article II of the Convention to require either (1) an arbitral clause in a contract or (2) an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams. *Id.* at 669. That court held that "[b]ecause what is at issue here is an arbitral clause in a contract, the qualifications applicable to arbitration agreements [i.e., the requirement that the agreement be signed] do not apply." *Id.* In other words, the court held that the phrase "signed by the parties," modified only "an arbitration agreement" and not "an arbitral clause in a contract[;]" therefore, that "an arbitral clause in a contract" need *not* be signed by the parties. *Id.*; *see also Neptune Shipmanagement Services PTE, Ltd. v. Dahiya*, 15 F.4th 630, 638 (5th Cir. 2021) ("Fifth Circuit caselaw holds that Article II does not require a signature when the arbitration clause is part of a broader contract.").

The Court notes that the Fifth Circuit's holding in this regard is in the minority view among circuits, and that the Fifth Circuit itself has suggested it may reconsider the ruling at some point. *See Sobranes Recovery Pool I, LLC v. Todd & Hughes Const. Corp.*, 509 F.3d 216, 223 (5th Cir. 2007); *Neptune Shipmanagement Services PTE, Ltd.*, 15 F.4th at 630. But until the Fifth Circuit does reconsider it, *Sphere Drake* remains the law of this circuit and binding on this Court. Therefore, the arbitral clause in the contract between Barcadia and the Defendants is still enforceable though it was not signed by Barcadia.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration, R. Doc. 8, is hereby **GRANTED**. Thus, this matter is **STAYED**.

New Orleans, Louisiana, this 2nd day of November, 2023.

_____
United States District Judge